UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 18-3642 JVS (PVC)                                        Date:  August 24, 2020

Title   Lee James McGrail v. Xavier Becerra

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE STAY IN THIS ACTION SHOULD NOT BE LIFTED FOR PETITIONER'S FAILURE TO BEGIN THE EXHAUSTION PROCESS IN STATE COURT**

     Petitioner, a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254 on April 1, 2018.[1]  ("Petition," Dkt. No. 3). The Petition raises two claims:  (1) the police department failed to advise Petitioner of his right to consular assistance under the Vienna Convention, and (2) counsel provided ineffective assistance by failing to adequately investigate "foreign treaties," evidence adverse to Petitioner, or the need for expert and character witnesses.  (Petition at 3-4). Because neither claim was exhausted before Petitioner filed the instant action, the Petition is completely unexhausted.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  Petitioner's signature block on the petition is dated April 1, 2018.  (Petition at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-3642 JVS (PVC)                                    Date:  August 24, 2020

Title   Lee James McGrail v. Xavier Becerra

On August 2, 2019, over one year ago, the Court granted Petitioner's motion for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  ("Stay Order," Dkt. No. 20).  In granting the stay, the Court required Petitioner to file status reports every 45 days to apprise the Court of "the status of the state habeas petition and all activity that has occurred since the filing of the previous Status Report.  Petitioner shall attach a current copy of the docket sheet and any orders or decisions that the state court has issued."  (*Id.* at 6).  The Court expressly cautioned Petitioner that he must diligently pursue exhaustion, stating:

> Petitioner is advised that it is his responsibility to move his case forward.  He must diligently pursue exhaustion of his claims in the state courts.  His failure to do so may be grounds for the Court to dismiss his claims for failure to exhaust.

(*Id.*).

In the year since the stay was granted, Petitioner has, with some lapses, filed status reports in this Court more or less on the Court's schedule.  (*See* Dkt. Nos. 21, 23-24, 26, 30-32).  It does not appear, however, that he has filed *any* state habeas petitions, and therefore has apparently not even *begun* the exhaustion process.  In his most recent status report, constructively filed on July 7, 2020, Petitioner states that he is still awaiting a response from the Riverside County Superior Court to his April 30, 2020 "motion for missing transcripts."[2]  (Dkt. No. 32 at 2).  None of Petitioner's status reports reflects that

---

[2] In a prior motion for discovery, Petitioner sought an order from this Court requiring Respondent to produce the missing transcripts of his *Marsden* hearing, which he stated had not been "viewed or examined on direct appeal."  (Dkt. No. 28 at 1).  The Court denied the motion without prejudice on March 12, 2020.  (Dkt. No. 29).  In Petitioner's April 30, 2020 status report, Petitioner states that he filed a motion in the Riverside County Superior Court "to obtain the missing transcripts and [sic] *Marsden* hearing that was suppressed on direct appeal."  (Dkt. No. 30 at 1).  In California, a criminal defendant's motion to have his counsel relieved and substitute counsel appointed "in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-3642 JVS (PVC)                              Date:  August 24, 2020

Title        Lee James McGrail v. Xavier Becerra

he has filed a state court habeas petition to exhaust his claims.  (*See* Dkt. Nos. 21, 23-24, 26, 30-32).

     Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within **thirty days** of the date of this Order, why the stay in this action should not be lifted for Petitioner's failure to file a state habeas petition.  Petitioner may discharge this OSC by filing either (1) a status report attaching a copy of his state habeas petition and attesting to the day the state petition was delivered to prison officials for mailing, or (2) a declaration, under oath, explaining why he is unable to do so.  Petitioner is advised that if the stay is lifted, the Court may recommend that the Petition be dismissed because it is entirely unexhausted.

     Alternatively, if Petitioner no longer wishes to pursue his claims, he may voluntarily dismiss this action.  Petitioner is cautioned, however, that if he voluntarily dismisses his unexhausted claims, those claims may be barred as untimely if he attempts to reassert them in a future habeas action.  **A blank notice of dismissal is attached for Petitioner's convenience.**

     **Petitioner is expressly warned that the failure to respond to this Order to Show Cause by the Court's deadline will result in a recommendation that this action be dismissed for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b).**

     IT IS SO ORDERED.

---

shorthand is called a *Marsden* motion," pursuant to *People v. Marsden*, 2 Cal. 3d 118 (1970).  *Schell v. Witek*, 2018 F.3d 1017, 1021 (9th Cir. 2000).  It is not readily apparent why Petitioner believes a transcript of his *Marsden* hearing will support his unexhausted claims.  Petitioner is not contending in those claims that the trial court erred in denying his *Marsden* motion, and the underlying grounds for the motion -- presumably based on what trial counsel did not do -- are already known to Petitioner.