UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE JAMES MCGRAIL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARTIN GAMBOA, Warden,[1]<br><br>　　　　　Respondent. | Case No. CV 18-3642 JVS (PVC)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

　　　　Petitioner's vague and conclusory Objections generally reassert arguments already raised in the First Amended Petition and Traverse, which the Magistrate Judge addressed and rejected in the Report and Recommendation. Petitioner also requests an evidentiary

---

[1] Martin Gamboa, Warden of the Avenal State Prison in Avenal, California, where Petitioner is currently incarcerated, is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

1

hearing pursuant to 28 U.S.C. § 2254(e)(2) or, in the alternative, to "expand the record," with respect to his ineffective assistance claims. (Obj. at 3). Section 2254(e)(2), which governs evidentiary hearings under AEDPA, provides in relevant part that when a habeas petitioner failed to develop the factual basis of a claim in state court, a federal district court may not hold an evidentiary hearing unless the claim relies on a new rule of constitutional law made retroactive on collateral review or is based on a factual predicate that could not have been previously discovered through the exercise of due diligence, and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). If a state court adjudicated the prisoner's claim on the merits, the Supreme Court instructs that habeas review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "[E]vidence later introduced in federal court is irrelevant to §2254(d)(1) review." *Id.* at 184.

Under Rule 7 of the Rules Governing Habeas Corpus Cases Under Section 2254, the district court may direct the parties to expand the record by submitting affidavits, "letters predating the filing of the petition, documents, exhibits and answers under oath to written interrogatories propounded by the judge." Habeas Rule 7(b). The purpose of Rule 7 "is to enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and expense required for an evidentiary hearing." (Habeas Rule 7, Advisory Comm. Notes, 1976 adoption). A party seeking to expand the record must demonstrate an entitlement to an evidentiary hearing under § 2254(e)(2). *See Holland v. Jackson*, 542 U.S. 649, 653 (2004) (restrictions of § 2254(e)(2) apply "when a prisoner seeks relief based on new evidence without an evidentiary hearing").

The California Supreme Court did not adjudicate Petitioner's claims on the merits, but instead rejected them on procedural grounds. (*See* Dkt. No. 55, Lodgments 14 and

16).  In certain circumstances not present here, an evidentiary hearing or expansion of the record may be warranted to establish whether cause exists to excuse a procedural default. *See Jones v. Shinn*, 943 F.3d 1211, 1221 (9th Cir. 2019) (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)).  Here, Petitioner does not expressly argue that his procedural default should be excused, but rather appears to be seeking a reweighing of the evidence.  Petitioner does not identify any specific facts that he was unable to develop in state court, or could not have developed in state court with reasonable diligence, that would warrant an evidentiary hearing under § 2254(e)(2).  Instead, he summarily repeats his undeveloped allegations about "suppressed" and perjured evidence, and argues that the exhibits attached to the First Amended Petition -- which primarily consist of excerpts of the Reporter's Transcript and Clerk's Transcript from his underlying criminal proceedings, along with pre-trial police and private investigator reports, among other documents -- illustrate that the "state court's factual findings [were] unreasonable."  (Obj. at 2; *see also, e.g.*, FAP, Dkt. No. 46-2 at 4-7 (police reports documenting two assaults committed by Petitioner on victim David Farrar); *id*. at 9 (transcript excerpt of Lisa Farrar's trial testimony); *id*., Dkt. No. 46-3 at 3 (transcript excerpt of David Farrar's trial testimony); *id*. at 5 (transcript excerpt of *Marsden* hearing); *id*. at 9-10 (VMT Investigation report dated February 24, 2015, approximately seven months before Petitioner's trial); *id*., Dkt. No. 46-5 at 1 (1993 citizen award issued to Petitioner by Monterey County Peace Officer's Association); *id*. at 3-4 (preliminary hearing transcript excerpt)).  All this evidence appears to have been known to Petitioner at the time of trial and/or on appeal. (*See, e.g.*, Dkt. No. 46-5 at 10; Dkt. No. 46-6 at 1-9; Dkt. No. 46-7 at 1-9 (correspondence between Petitioner and appellate counsel)).

Moreover, none of Petitioner's allegations establish by clear and convincing evidence that he was not guilty of the underlying offenses.  As noted in the Report and Recommendation, the evidence against Petitioner was overwhelming.  (Report and Recommendation at 32).  Therefore, even if Petitioner had shown that he could not have

developed certain facts in state court, an evidentiary hearing would still not be warranted because Petitioner cannot show that he was prejudiced by any of the purported deficiencies of counsel at trial or on appeal. (R&R at 32). Finally, as to all of Petitioner's claims, an evidentiary hearing is unnecessary because the instant claims are all resolvable on the current record. *See Cook v. Kernan*, 948 F.3d 952, 971 (9th Cir. 2020) ("If the record contains a sufficient factual basis that 'refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.'") (quoting *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)); *see also Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000) ("[T]he fact that a hearing would be permitted does not mean that it is required. The district court retains discretion whether to hold one."). Accordingly, Petitioner's request for an evidentiary hearing or expansion of the record is denied.

IT IS ORDERED that the First Amended Petition is denied and Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 28, 2022

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE